IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LEON PAT FERGUSON-EL,

    Plaintiff,

v.                                  Civil Action No. **3:10CV577**

**STATE OF VIRGINIA**, et al.,

    Defendants.

**MEMORANDUM OPINION**

Leon Pat Ferguson-El, a Moorish-American Virginia inmate proceeding pro se and in forma pauperis, filed this civil action. By Memorandum Order entered on April 25, 2011, the Court noted that Ferguson-El's complaint consisted almost entirely of legal conclusions and directed Ferguson-El to file a particularized complaint. The matter is before the Court for evaluation of Ferguson-El's Particularized Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); see 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" Clay v. Yates, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under

Fed. R. Civ. P. 12(b)(6). As explained below, Ferguson-El's Particularized Complaint is factually and legally frivolous.

## I. Summary of Allegations

Ferguson-El provides the following introduction in his "STATEMENT OF FACTS":

> Plaintiff, asserts a claim that is undiable by the Defendant(s)that LEON PAT FERGUSON®, is a fictitious named (DEBTOR), a strawman, or dummy corporation created by the government "STATE OF VIRGINIA", without the knowledge of intent of the natural person "living breathing Man" Plaintiff, only exists under the COLOR of law, and claiming only to be legally incorporated for the purposes of commerce, and exercising the power and functions of a corporation, without actual lawful authority to do so, but strictly for the benefit of the government "STATE OF VIRGINIA", and its commerce. (As in the present situation of a U.S. Corporation in Puerto Rico, see (BMF) Business Master File). The Defendant(s) has created the Public "vessel" LEON PAT FERGUSON®, and continue the unlawful seizure and unlawful imprisonment etc., of the "living breathing Man" Plaintiff, for interstate and foreign commerce for profit under Admiralty and Maritime jurisdiction of the UNITED STATES, by its co-business partner the commercial corporate government juridical construct d.b.a. STATE OF VIRGINIA, under COLOR of law and office.
>
> Plaintiff, asserts a claim that he is a Moorish American National a "living breathing Man" and that the commercial corporate government juridical construct d.b.a. STATE OF VIRGINIA, has failed to produce any Admiralty, Maritime contract through Plaintiff's administrative process #P02904REP, that would bind the Plaintiff to some cause of the performance [U.C.C. § 8.2-501 and U.C.C. § 1-201. COV], demand styled STATE OF VIRGINIA v. LEON PAT FERGUSON under Cause(s) C-253-7-20, with full disclosue, knowledge, understanding of the terms, conditions, and obligation thereof would become a party as would be evidenced by Plaintiff's bona fide signature [U.C.C. § 8.1-201(39) COV], being affixed to said contracts.

> And that the Plaintiff voluntarily as a "living breathing Man" Plaintiff allowed the Defendant(s) repeated seizure of Plaintiff in commerce under COLOR of law and office. Plaintiff is entitled to relief sought within his initial pleading for Plaintiff is an intervening third party who is being injured by the actions of the Defendant(s) artfully continuing of the unlawful seizure, unlawful imprisonment, of a "living breathing Man" while hiding behind the corporate veil of the commercial corporate government juridical construct d.b.a. STATE OF VIRGINIA. It is a grievous injury for a corporation to injure a "living breathing Man" by act(s) of its agents/actors of STATE OF VIRGINA.

(Part. Compl. 2-3 (paragraph numbers omitted.)[1] Thereafter, Ferguson-El provides an equally incoherent discussion of his theories as to why he believes the named defendants[2] violated his civil rights and why he is entitled to relief. For example, Ferguson-El alleges:

> Plaintiff, asserts that the Defendant(s) in their individual capacities are equally responsible for the violation of 18 U.S.C.A. § 1201(a)(1)(2), by the fictitious process "STATE OF VIRGINIA v. LEON FERGUSON ARLINGTON COUNTY CIRCUIT COURT Cause(s) C-25307-20, has place Plaintiff a "living breathing Man" within Admiralty, Maritime jurisdiction of the territorial jurisdiction of the United States, the commercial corporate government juridical construct d.b.a. STATE OF VIRGINIA. Section 1201(b) of Title 18, expresses that "with respect to subsection (a)(1), the failure to release the victim "Plaintiff" within twenty-four hours

---

[1] The Court has corrected the spacing in the quotations to Ferguson-El's Particularized Complaint. Otherwise, the errors and alterations appear in the Particularized Complaint.

[2] Ferguson-El names as defendants various state officials who are responsible for his continued detention, including Gene Johnson. Ferguson-El describes Johnson as "dba DIRECTOR for the commercial enterprise VIRGINIA DEPARTMENT OF CORRECTION, is the Chief warehouse man for the commercial warehouses, that houses biological property, for the commercial corporate government juridical construct d.b.a. STATE OF VIRGINIA." (Part. Compl. 1.)

>after he shall have been unlawfully seizure, confined
>. . . shall create a rebuttable presumption. (Emphasis
>added)

(Id. at 4.)

### III. ANALYSIS

Ferguson-El apparently adheres to Redemptionist theory. See Monroe v. Beard, 536 F.3d 198, 203 n.4 (3d Cir. 2008). The United States Court of Appeals for the Third Circuit explained:

>"Redemptionist" theory . . . propounds that a person has a split personality: a real person and a fictional person called the "strawman." The "strawman" purportedly came into being when the United States went off the gold standard in 1993, and, instead, pledged the strawman of its citizens as collateral for the country's national debt. Redemptionists claim that government has power only over the strawman and not over the live person, who remains free. Individuals can free themselves by filing UCC financing statements, thereby acquiring an interest in their strawman. Thereafter, the real person can demand that government officials pay enormous sums of money to use the strawman's name or, in the case of prisoners, to keep him in custody. If government officials refuse, inmates are encouraged to file liens against correctional officers and other prison officials in order to extort their release from prison. Adherents of this scheme also advocate that inmates copyright their names to justify filing liens against officials using their names in public records such as indictments or court papers.

Id. Ferguson-El also apparently adheres to the Redemptionist theory regarding the use of capital letters:

>Redemptionists claim that by a birth certificate, the government created strawmen out of its citizens. A person's name spelled in English, that is with initial capital letters and small letters, represents the real person, that is, the flesh and blood person. Whenever a person's name is written in total capitals, however, as it is on a birth certificate, the Redemptionists believe

4

that only the strawman is referenced, and the flesh and blood person is not involved.

McLaughlin v. CitiMortgage, Inc., 726 F. Supp. 2d 201, 210 (D. Conn. 2010) (internal quotation marks omitted); see also Bryant v. Wash. Mut. Bank, 524 F. Supp. 2d 753, 758-61 (W.D. Va. 2007).

In short, Ferguson-El seeks to avoid the consequences of his criminal conviction by suggesting he exists as two separate legal entities and that the State of Virginia does not have jurisdiction over both entities and thus must release him, "the living breathing Man" (Part. Compl. 2) and pay him damages. Such a theory is legally frivolous. See Tirado v. New Jersey, No. 10-3408 (JAP), 2011 WL 1256624, at *4-5 (D.N.J. Mar. 28, 2011) (observing a similar argument "has absolutely no legal basis"); Marshall v. Fla. Dep't Corr., No. 10-20101-CIV-GOLD, 2010 WL 6394565, at *1 (S.D. Fla. Oct. 27, 2010). The action will be DISMISSED. The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

The Clerk is DIRECTED to send a copy of this Memorandum Opinion to Ferguson-El.

An appropriate Order shall issue.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: August 9, 2011
Richmond, Virginia

5